BEFORE THE THIRD DIVISION, APRIL 1, 1952

**No. 56528.**—Distillers Distributing Co. et al. *v.* United States, protests 116666–K, etc. (San Francisco).

JOHNSON, Judge:   The protests in these cases involve alcoholic beverages which were imported at San Francisco in the years 1943 and 1944.   Each of the protests was lodged against the quantities which the collector used as the basis of his assessments of duty.   In protest 116666–K, it was contended that "duty or internal-revenue tax   *   *   *   should be based upon the quantity withdrawn from warehouse."   In protest 116457–K, it was contended that the duty and tax were "assessed upon an erroneous quantity of distilled spirits," and in protest 117748–K, it was contended that the "Assessment of duty or internal-revenue tax   *   *   *   should be based upon the quantity withdrawn from warehouse." The protests originally were submitted on a stipulation with *Haas Bros. et al.* v. *United States*, protests 128159–K, etc.   However, it now appears that these protests were removed from the schedule of protests covered by that stipulation, restored to the docket, and were not submitted for decision on the basis of that stipulation, as stated by the court in denying previous motions to amend the protests herein, filed in February 1951.   When the case again came on for trial motion to amend each protest was again presented to the trial court and was taken under advisement.   In view of the circumstances in this case, each motion is hereby granted.   In the motions to amend, it is further claimed that duty should be assessed upon the same quantity of alcoholic beverages as was subject to final assessment of internal revenue taxes under the provisions of paragraph 813 of the Tariff Act of 1930, as amended by the act of June 8, 1948, Public Law 612.

At the trial the liquidator testified as to the respective quantities upon which the duties and the taxes were assessed.   However, in protest 116666–K, two entries were involved and the quantities were given for only one entry.   From the entry papers, it is disclosed that in entry WH 2568, duty was assessed upon the basis of 5,212.31 gallons while the internal revenue taxes were assessed upon the basis of 5,000.5 gallons, and in entry WH 2146, duty was assessed upon the basis of 5,090.98 gallons, and internal revenue tax was assessed upon the basis of

445

4,886 gallons. In protest 116457–K, entry WH 1973, duty was assessed upon the basis of 10,265.67 gallons, and the internal revenue tax was assessed upon the basis of 9,509.7 gallons. In protest 117748–K, entry WH 2218, duty was assessed upon the basis of 5,661.27 gallons, and the internal revenue tax was assessed upon the basis of 5,611.4 gallons.

In view of the amendment of paragraph 813 of the Tariff Act of 1930 by the act of June 8, 1948, Public Law 612, wherein duties were imposed upon alcoholic beverages only upon such quantities as are subject to the imposition of internal revenue taxes, and made to apply to alcoholic beverages upon which the decision as to the dutiable quantity had not become final by reason of section 514, Tariff Act of 1930, and for the reasons stated in our decision in the case of *Austin, Nichols & Co., Inc.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155, we hold that duty is assessable only upon the quantities subject to the final assessment of internal revenue taxes as shown above.

Judgment will therefore be entered in favor of the plaintiffs directing the collector to reliquidate the entries, in accordance with the provisions of Public Law 612, and refund all duties taken upon quantities in excess of the quantities upon which internal revenue taxes were finally assessed.